```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/7/2019_

JOSE PEREZ,

                Plaintiff,

-against-

COMMUNITY ACTION FOR HUMAN SERVICES, INC.,

                Defendant.

19 Civ. 1452 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Plaintiff, Jose Perez, brings this action against Defendant, the Community Action for Human Services, Inc., for, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* ECF No. 1. Having reached a settlement, the parties seek the Court's approval of their proposed settlement agreement. *See* Letter, ECF No. 16. For the reasons stated below, the motion to approve the settlement agreement is GRANTED.

## DISCUSSION

### I. Legal Standard

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

    In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing

      their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

      Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

    II.    <u>Analysis</u>

      The Settlement provides for Defendant to pay Plaintiff $4,690 and to pay Plaintiff's counsel $2,808 in attorney's fees and costs. Settlement Agreement and Release ("Settlement") § 2(b), ECF No. 16-1. The parties' letter motion identifies Plaintiff's total possible recovery, if he were to succeed on all of his claims at trial, to be approximately $19,250. Letter at 2. The parties also assert that a "very significant factor in the settlement outcome was the avoidance of litigation burdens and expenses." *Id.* Additionally, the parties state that they engaged in arms-length bargaining, and there is no evidence of fraud or collusion. *Id.* at 3. The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

      In addition, the release provision in the Settlement is not overly broad, as it releases Defendant "from any and all asserted in the Complaint, including without limitation [Plaintiff's] wage and hour claims under the FLSA and NYLL, as of the date of execution of this Agreement." Settlement § 4. The Settlement also contains no confidentiality provision. The Court is, therefore, satisfied that the Settlement is fair and reasonable.

      Turning to attorney's fees, Plaintiff's counsel seeks to recover $2,345 in fees, reflecting one-third of the total value of the Settlement, and $463 in costs. Letter at 3; Settlement § 2(b)(iii). The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *5 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel's lodestar calculation is $6,948 in costs and attorney's fees for work done by Abdul K. Hassan on Plaintiff's FLSA claim. Billing Records, ECF No. 16-2.[1] Hassan billed 15.44 hours at a rate of $450 per hour. *Id.* Hassan has been practicing law for seventeen years and has litigated several hundred employment and wage cases in federal court. Letter at 3–4. The Court finds that this rate is excessive, and reduces Hassan's rate to $400 per hour. *See, e.g.*, *Williams v. Arqenta Inc.*, No. 18 Civ. 572, ECF No. 18, at *3 (S.D.N.Y. Aug. 10, 2018) (reducing Hassan's rate to $400 per hour).

Here, the reduction in Hassan's hourly rate merits a reduction in the lodestar. However, his lodestar calculation still exceeds the fee request after the reduction. In addition, courts in this district typically approve fee requests of one-third of the total settlement amount. *See, e.g.*, *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 14, 2014) (collecting cases). The Court, therefore, concludes that Plaintiff's counsel's fee request of $2,808 is reasonable.

## CONCLUSION

For the reasons stated below, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: August 7, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] The Letter states that "the hourly fees based on the attached time records . . . are at the retainer rate of $600/hr for 15.44 hrs or $6,176 at a reduced fee-shifting rate of $400/hr." Letter at 3. The billing records, however, clearly state that Hassan billed at $450 per hour.